# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company),<br><br>*Plaintiffs*,<br><br>v.<br><br>MIKE HILGERS, in his official capacity as ATTORNEY GENERAL OF THE STATE OF NEBRASKA,<br><br>*Defendant*. | No. 4:25-cv-3089-SMB-RCC<br><br>**ABBVIE'S BRIEF IN RESPONSE TO THE ATTORNEY GENERAL'S MOTIONS TO STAY BRIEFING, CONSOLIDATE, AND EXTEND TIME** |

Plaintiffs (collectively, "AbbVie") respectfully oppose the Attorney General's request to stay AbbVie's targeted motion for a preliminary injunction and instead rule on the Attorney General's pending motion to dismiss. Dkt. No. 61. The Attorney General asks the Court to unnecessarily expedite review of his broad motion seeking to dismiss a Takings Clause claim, multiple preemption claims, a Commerce Clause claim, and a due process claim, even though that motion is not time sensitive. By contrast, AbbVie's motion for a preliminary injunction is urgent and involves discrete issues that the Court can address without ruling on the all the issues presented in the motion to dismiss. The Attorney General placed himself in this position by taking the extraordinary position that state law can stop drug manufacturers from collecting data that a federal agency requires them to collect to participate in a federal program. The Court should reject the

Attorney General's demand that the Court disregard AbbVie's motion and take up the Attorney General's motion instead.[1]

## DISCUSSION

Only one discrete issue in this complex lawsuit needs expedited review: Whether the Attorney General can enforce L.B. 168's claims-data provision to stop AbbVie from collecting the data it needs to participate in the federal Rebate Program. *See* Dkt. No. 57 at 1. That issue is both narrow and urgent. It involves just one subsection of L.B. 168. It implicates sales of just one AbbVie medication, Imbruvica, that is currently eligible for the Rebate Program. It centers on a distinct set of facts—the overlapping requirements of the Inflation Reduction Act and the 340B program—that do not appear in any of AbbVie's other claims. And, as set forth in AbbVie's motion, AbbVie urgently needs relief on that issue by the Rebate Program's January 1, 2026 start-date to avoid suffering irreparable harm. *See id.* at 2-3, 13-14.

The Attorney General is incorrect that it would promote "judicial economy" for the Court to expedite review of the motion to dismiss. Dkt. No. 62 at 2-3. The motion to dismiss asks the Court to rule on several claims raising multiple constitutional challenges to L.B. 168. *See* Am. Compl. ¶¶ 14-20; Dkt. Nos. 27, 35, 37, 46, 47 (motion-to-dismiss briefing). It requires the Court to consider a variety of legal and factual issues—including the replenishment model, contract pharmacies' role in the 340B program, audit requirements under the federal 340B compliance system, public use under *Kelo*, and more—that the Court need not consider to address the preliminary injunction motion. *See* Dkt. No. 35 at 1-9.

---

[1] The Attorney General separately requested that, if the Court does not stay AbbVie's preliminary injunction motion, the Court give the Attorney General an additional three days for its opposition. Dkt. No. 63. AbbVie does not oppose the extension if it is acceptable to the Court.

There is no basis for the Attorney General's claim that it would be "wasteful" for him to respond to AbbVie's preliminary injunction motion when he has already briefed the Rebate Model issue. Dkt. No. 62 at 2. Of course, if he has already briefed the issue, it should be simple for him to assemble a response using the same arguments or by cross-referencing his prior briefing. To be clear, AbbVie believes that the declarations attached to its preliminary injunction motion provide compelling, additional factual support—that was necessarily absent from the pleadings—for AbbVie's argument that the Attorney General's intent to enforce the claims-data provision conflicts with the federal Rebate Program.

Finally, it is of no consequence that a "preliminary injunction limited to the [Rebate] Program would leave significant questions regarding the applicability and enforcement of L.B. 168 unanswered." Dkt. No. 62 at 4. The Court will address those questions by the time this litigation concludes. They simply are less urgent than the Rebate Program claim and do not require expedited review.

## CONCLUSION

The Attorney General's motion to stay briefing and consolidate AbbVie's preliminary injunction motion with his motion to dismiss should be denied.

Dated: November 14, 2025

Jason W. Grams (#24596)
GRAMS LAW, LLC
1318 N. 127th Ave.
Omaha, NE 68154
Telephone: (402) 902-6400
Email: jason.grams@grams.law

Respectfully submitted,

*/s/ Matthew S. Owen*
Matthew S. Owen, P.C.
K. Ross Powell
Meredith M. Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Email: matt.owen@kirkland.com
　　　　ross.powell@kirkland.com
　　　　meredith.pohl@kirkland.com
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the foregoing brief contains 742 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. The undersigned utilized the word count function of Microsoft Word for Microsoft Office 365. The undersigned also certifies that no generative artificial intelligence program was used in drafting the document.

*/s/ Matthew S. Owen*
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing motion was filed electronically and has been served via the Court's ECF filing system on all registered counsel of record.

*/s/ Matthew S. Owen*
Counsel for Plaintiffs
